AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Nissan Murano bearing AZ<br>license plate #BAG7631 | )<br>)<br>) Case No.  21-215MB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ____Arizona____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A, incorporated by reference

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B, incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    July 27, 2021
                                                                                                *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
on duty in the District of Arizona                                      .
                                    *(name)*

N/A ☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*    ☐ for _____ days *(not to exceed 30)*.
                                ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    July 13, 2021 @ 4pm   *Michelle Burns*
                                                                                          *Judge's signature*

City and state:    Phoenix Arizona                    Michelle H. Burns, United States Magistrate Judge
                                                                          *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

# ATTACHMENT A

## DESCRIPTION OF LOCATIONS TO BE SEARCHED



SUBJECT VEHICLE:
- Black Nissan Murano bearing AZ license plate #BAG7631 (pictured above at 9501 E Broadway Road, Lot 48, Mesa AZ 85208)

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 922(g)(9), including the following:

1. Any and all firearms, firearms parts, firearms accessories, and ammunition.

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Nissan Murano bearing AZ license<br>plate #BAG7631 | ) ) ) ) ) ) ) Case No. 21-215 MB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, incorporated by reference.

located in the _____ District of ___Arizona___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 922(g)(9) | Possession of Firearm by a Person Convicted of a Misdemeanor Crime of Domestic Violence |

The application is based on these facts:
See attached Affidavit, incorporated by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Brett Day*
Reviewed by Brett A. Day, AUSA

ALLISON GONZALES
Digitally signed by ALLISON GONZALES
Date: 2021.07.13 13:56:33 -07'00'

*Applicant's signature*

Allison Gonzales, ATF Special Agent
*Printed name and title*

Sworn to and signed electronically.

Date: July 13, 2021

City and state: Phoenix, Arizona

*Judge's signature*

Michelle H. Burns, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF LOCATIONS TO BE SEARCHED



SUBJECT VEHICLE:
- Black Nissan Murano bearing AZ license plate #BAG7631 (pictured above at 9501 E Broadway Road, Lot 48, Mesa AZ 85208)

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 922(g)(9), including the following:

1. Any and all firearms, firearms parts, firearms accessories, and ammunition.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

1. Your Affiant, Allison Gonzales, is a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and has been so employed since May 2015. I am presently a member of the ATF Phoenix Field Division Crime Gun Intelligence Center. As an ATF S/A, my duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of federal laws, particularly those laws found in Title 18 and Title 21 of the United States Code (U.S.C.). I have previously participated in investigations which resulted in the arrests, searches, and seizures of individuals and property. I have participated in the use of cooperating informants, undercover agents, pen register/trap and trace devices, video surveillance, wiretaps, GPS tracking devices, search warrants, and audio surveillance, among other law enforcement techniques, in the course of my career with ATF. During my tenure with the ATF, I have participated in numerous investigations that involve possession of firearms and ammunition by prohibited persons and investigations involving interstate firearms and ammunition trafficking. I am familiar with federal firearm and ammunition laws.

2. As an ATF Special Agent, your Affiant is familiar with federal criminal laws pertaining to firearms, explosives and narcotics violations. Your Affiant knows that it is a violation of Title 18 USC § 922(g)(9) for any person who has been convicted of a misdemeanor crime of domestic violence to possess any firearm or ammunition.

## PURPOSE OF SEARCH WARRANT

3. This affidavit is submitted to support an application for a search warrant. The warrant is for Black Nissan Murano vehicle bearing AZ license plate #BAG7631, as fully described in Attachment A.

4. Probable cause exists to believe this residence has been and is being used to house, conceal, and facilitate the following violations: 18 U.S.C. § 922(g)(9), possession of firearm/ammunition by a person convicted of a misdemeanor crime of domestic violence.

5. Information in this affidavit is based upon information I have gained from my investigation and observations, my training and experience, and consultation with other investigators involved with this investigation. Since this affidavit is being submitted only to obtain a search warrant for the vehicle outlined in Attachment A, I have set forth only those facts I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of federal law, as described in Attachment B, will be found in the property to be searched, as described in Attachment A.

## THE SUBJECT OFFENSE

6. The Gun Control Act, codified at 18 U.S.C. § 922(g), makes it unlawful for certain categories of persons to ship, transport, receive, or possess firearms or ammunition. Title 18 of the United States Code, Section 922(g), sets forth nine categories of persons who are ineligible to buy and possess firearms (Prohibited Possessors).

7. Under 18 U.S.C. § 922(g)(9) specifically, Prohibited Possessors include: Any person who was convicted in any court of a misdemeanor crime of domestic violence.

## THE INVESTIGATION

8.      On July 8, 2021, your affiant contacted Robert Walter EGAN (DOB: xx/xx/1965), the subject of a National Instant Criminal Background Check System (NICS) Delayed Denial from the Federal Firearms Licensee (FFL) Tombstone Tactical due to a July 7, 1989 charge of battery against a cohabitating victim "similarly situated as a spouse," thereby protected under 18 USC 921(a)(33)(A)(ii), to which EGAN was found guilty by the Illinois Circuit Court of the Eighteenth Judicial District on September 12, 1990, resulting in EGAN's status as a prohibited possessor per 18 USC § 922(g)(9). Per the Firearms Transaction Record (ATF Form 4473) filled out by EGAN on April 29, 2021, EGAN purchased a Smith & Wesson M&P 380 Shield pistol bearing serial #REE0810. In Section 21, subsection i., EGAN checked the box marked "no" to the stated question "Have you ever been convicted in any court of a misdemeanor crime of domestic violence".

9.      On May 21, 2021, your affiant initiated a search for EGAN's records with the Department of Economic Security (DES), which returned current employment information for EGAN at STS Operating Incorporated, a Chicago based company with an AZ LLC and Phoenix based location of 3814 E Roeser Rd., Phoenix AZ 85040.

11.     On June 11, 2021, your affiant received all certified court documents for EGAN from the Clerk of the 18th Judicial Court in Wheaton, IL, including the Criminal Division Transcript confirming EGAN's guilty plea and imprisonment activity for the charge of Battery (Simple) occurring on July 7, 1989. Per the complaint filed on July 7, 1989 in DuPage County, IL Circuit Court [Case #89CM34760] EGAN "without legal justification, intentionally caused bodily harm

to Nancy A. DiNicolo, in that he struck Nancy A. DiNicolo in the nose with his foot, all of the above occurring at 1635 E. Harwarden, Wheaton, Ilinois, DuPage County." The offense was listed as Battery (Simple) in violation of Section 12-3(a)(1). Per the Criminal Sentence Form dated September 2, 1990, EGAN was found guilty of the charge of Battery (Simple) and sentenced to thirty days jail time.

12. On the same date, your affiant ran a check on EGAN in all criminal indices and confirmed there was no documentation that EGAN had his rights to possess firearms restored.

13. On July 7, 2021, SA Gonzales contacted Tony Keller, the compliance manager for Tombstone Tactical, who confirmed the FFL would buy the firearm along with its associated gun box and accessories back from EGAN for market value.

14. On July 8, 2021, your affiant contacted EGAN at his place of work at 3814 E Roeser Rd., Phoenix AZ 85040. Your affiant, accompanied by ATF SA's Gremaud and White, arrived at the business at approximately 2:45pm and entered the front office. Your affiant identified herself as law enforcement to the front office staff and inquired about EGAN. SA Gonzales was directed by the front office staff to the warehouse floor and informed EGAN had a desk located in the northeast corner of the warehouse. Your affiant and SA's then entered the warehouse and encountered an individual who matched the appearance of EGAN's Arizona Driver's License photo. Your affiant and SA's Gremaud and White identified themselves as law enforcement and your affiant asked if she was speaking with Robert EGAN, to which EGAN affirmed. Your affiant asked EGAN to provide his Arizona Driver's License for verification of his identity. EGAN provided your affiant

with a copy of his driver's license, bearing the name Robert Walter EGAN with a date of birth of August 3, 1965.

11. Your affiant informed EGAN she wanted to ask him a few questions regarding a firearm he had recently purchased. Your affiant asked EGAN if he had previously resided in Illinois, to which EGAN confirmed. Your affiant asked EGAN if he had purchased a Smith & Wesson M&P 380 Shield .380 pistol bearing serial number #REE0810 at Tombstone Tactical. EGAN affirmed that he had, and stated it was currently in his possession. Your affiant asked EGAN if he was currently residing at 9501 E Broadway Road, Lot 48, Mesa AZ 85208. EGAN replied "yes." Your affiant informed EGAN that he was prohibited based on his misdemeanor charge of Battery of Nancy DiNicolo, to which EGAN pled guilty on September 2, 1990 and was sentenced to 30 days jail time. EGAN affirmed his understanding and asked agents what he should do with the firearm in his possession.

12. Your affiant informed EGAN that the manager of Tombstone Tactical had agreed to buy the firearm back for market value. EGAN informed your affiant he would return to his residence the same day to collect the associated gun box and accessories and return the firearm to Tombstone Tactical by close of business the same day. Your affiant asked EGAN if he had any other firearms in his possession. EGAN stated he did not. Your affiant provided EGAN with her contact information to confirm when the return had been made with a copy of the return receipt.

13. The same day, your affiant confirmed EGAN's contact number on file with Tombstone Tactical to be 480-797-2878. Your affiant additionally confirmed this number was currently ported to EGAN's name and known address in law enforcement databases,

14. On July 9, 2021, Mr. Keller with Tombstone Tactical contacted your affiant telephonically and confirmed EGAN never returned the firearm to the FFL.

15. Between July 9, 2021 and July 12, 2021, your affiant and Supervisory Special Agent Jason Schmidt made multiple attempts to contact EGAN telephonically, leaving multiple messages. As of July 12, 2021 SA's have received no response.

16. Your affiant knows per the Illinois statute in 1990, Chapter 38, Section 12-3. Battery (Simple) is defined as the following:

>   (a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.
>   (b) Sentence.
>   Battery is a Class A misdemeanor.

17. Your affiant knows this statute meets the force requirements for a federal misdemeanor crime of domestic violence (MCDV), as defined in 18 U.S.C. § 921(a)(33):

>   "an offense that ... (i) is a misdemeanor under Federal, State, or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a

deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim"

18. Your affiant further knows the Wheaton Police Report #907071231 detailing the July 7, 1989 Battery (Simple) offense indicates the victim, Nancy DiNicolo (xx/xx/1965) was a female approximately four months apart in age from EGAN, and that they were living at the same residence. This infers the defendant "cohabited ... (as) a person similarly situated to a spouse of the victim." And would qualify DiNicolo as a protected victim under 921(a)(33)(A)(ii).

19. Based on all of the foregoing facts, there is probable cause to believe that EGAN committed the offense of possession of firearm by a person convicted of a misdemeanor crime of domestic violence on or about April 29, 2021, in violation of 18 U.S.C. § 922(g)(9).

### EGAN'S RESIDENCE AT THE SUBJECT PREMISES

16. On May 21, 2021 at approximately 9:00 AM, SA Tony Gremaud conducted surveillance of 9501 E Broadway Road, Lot 48, Mesa AZ 85208. SA Gremaud observed a black Nissan Murano parked in the carport of the address bearing AZ license plate #BAG7631. A check of the license plate in law enforcement databases returned the registrant information of Robert EGAN at 9501 E Broadway Road, Lot 48, Mesa AZ 85208. On June 30, 2021, SA Tony Gremaud again conducted

surveillance of 9501 E Broadway Road, Lot 48, Mesa AZ 85208. At approximately 6:05pm, SA Gremaud observed a black Nissan Murano bearing AZ license plate #BAG7631 pull into the carport of the residence, and an individual who SA Gremaud identified as EGAN from his driver's license photo exited the vehicle and entered the residence.

## ITEMS TO BE SEIZED

18.  In this case, there is probable cause to believe that EGAN possessed a firearm despite being aware of a misdemeanor charge of domestic violence prohibiting him from doing so. By EGAN's own admission he purchased the firearm noted on his ATF Form 4473 on April 29, 2021 and stated it was in his possession.

19.  Your affiant knows that persons who possess firearms often possess other items pertaining to the possession of firearms, including but not limited to: gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearm cleaning equipment, photographs and videos of firearms or of persons in possession of firearms, and documents relating to the acquisition, purchase, sale, and/or repair of all these items, including but not limited to: receipts and documents reflecting the names, addresses, and/or telephone numbers of individuals associated with these activities.

20.  Based upon your affiant's training, experience, and discussions between your affiant and senior agents on this topic, individuals engaged in criminal activity commonly maintain personal property used or obtained in their criminal activities for extended periods of time, even long after the crime has been completed. There are many reasons why these offenders maintain such

evidence for extended periods of time, including but not limited to: The evidence may be innocuous at first glance (i.e. receipts, personal calendars, telephone and/or address books, current or old driver licenses, concealed weapon permits, checkbooks, various other financial statements, utility records, ownership documents, letters and notes, telephone and pager bills, keys to safe deposit boxes, storage lockers and other storage sites) but may have significant relevance when considered in light of other evidence; the offender may not realize that he/she still possesses the evidence and/or that law enforcement officers will obtain a search warrant to seize such evidence; and the offender may wish to maintain ready access to these items.

22. Based on your affiant's training and experience, I know that it is common for persons who are involved in the unlawful possession of firearms and/or ammunition to store those items at their residences, or in their vehicle, or to conceal them on their person. It is also common for persons who are involved in the unlawful possession of firearms to possess additional firearms and ammunition to use in those firearms. Your affiant knows that it is common for persons who are involved in the illegal possession, distribution, and sale of firearms and/or ammunition to engage in such activity from their residence and vehicles, attempting to conceal their dealings from detection by law enforcement.

23. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the Black Nissan Murano bearing AZ license plate #BAG7631 as described in Attachment A.

24. In addition to firearms and weapons, other firearm-related items, such as gun pieces, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box packaging, targets, expended pieces of lead or shell casings, photographs of firearms, and paperwork showing

the purchase, storage, disposition, or dominion and control over firearms, ammunition, and related items, are likely to be found in the Black Nissan Murano bearing AZ license plate #BAG7631 described in Attachment A.

## CONCLUSION

25. Your Affiant believes based on the totality of circumstances that EGAN is the owner of a Black Nissan Murano bearing AZ license plate #BAG7631. Based on the investigation above, probable cause exists to believe that items described in Attachment B will be found at the location fully described in Attachment A. Therefore, I respectfully request the court issue a search warrant to search the vehicle, Black Nissan Murano bearing AZ license plate #BAG7631, described in Attachment A, to seize the items described in Attachment B.

I declare under penalty and perjury that the foregoing is true and correct to the best of my knowledge.

ALLISON GONZALES
Digitally signed by ALLISON GONZALES
Date: 2021.07.13 13:57:15 -07'00'

Allison Gonzales
ATF Special Agent

Sworn to before me telephonically this 13 day of July, 2021.

HON. MICHELLE H. BURNS
United States Magistrate Judge
District of Arizona